UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHAWN GAINES, on behalf of himself
and all others similarly-situated,

Plaintiffs,

CASE NO.:
6:13-cv-1108-Orl-31DAB

vs.

DELPHINI CONSTRUCTION
COMPANY (d/b/a Delphini
Construction Co.), A Florida Profit
Corporation,

Defendant.

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, SHAWN GAINES ("Plaintiff"), on behalf of himself and all others

similarly-situated, hereby files this Complaint against Defendant, DELPHINI

CONSTRUCTION COMPANY, a Florida Profit Corporation ("Defendant"), and states

the following:

### INTRODUCTION

1.      This is an action for failure to pay overtime wages pursuant to 29 U.S.C. §

216(b) and 29 U.S.C. § 207(a).

2.      Section 7(a) of the FLSA requires payment of time and one half an

employee's regular hourly rate whenever a covered employee works in excess of forty

(40) hours per work week. 29 U.S.C. § 207(a).

3.      The Defendant in this case violated the FLSA by failing to pay its employees the appropriate overtime wages mandated by Congress and by failing to keep accurate records of all compensable hours worked by its covered, non-exempt laborers.

4.      This lawsuit is intended to cover all laborers/crewmembers throughout the State of Florida who performed manual labor (including general construction services) for the Defendant during the applicable statutory period and who worked more than forty (40) hours per week without proper overtime compensation.

## STATEMENT OF FACTS

5.      This Court has original jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 as they arise under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

6.      Venue is proper as the acts and omissions giving rise to Plaintiffs' claims occurred in Seminole County, Florida, among others.

7.      Defendant DELPHINI CONSTRUCTION COMPANY is a Florida profit corporation with its principle place of business in Altamonte Springs, Florida.

8.      Defendant and its related entities offer construction services to commercial and residential clientele throughout Florida and the Southeastern United States.

9.      Defendant and its related entities have been doing business since approximately 1995.

10.     In 2010, Defendant and its related entities grossed more than $500,000 in gross sales or business done.

2

11.     In 2011, Defendant and its related entities grossed more than $500,000 in gross sales or business done.

12.     In 2012, Defendant and its related entities grossed more than $500,000 in gross sales or business done.

13.     At all times relevant, Defendant employed two or more employees engaged in interstate commerce as Defendant's employees regularly handled and worked on goods that were moved in the flow of interstate commerce – namely, Defendants' construction supplies and equipment.

14.     Defendant is a covered enterprise as defined by the Fair Labor Standards Act.

15.     Defendant hired Plaintiff GAINES in approximately August 2012.

16.     Plaintiff GAINES performed manual labor and construction services for Defendant from approximately August 2012 through April 2013.

17.     Plaintiff was a blue collar worker.

18.     Plaintiff's job duties as assigned by Defendant required regular and frequent travel.

19.     Plaintiff's weekly work schedule varied depending on the needs of Defendant's clientele.

20.     During one or more work weeks of his employment, Plaintiff worked in excess of forty (40) hours per week.

21.     Plaintiff was not paid time and one-half his regularly hourly rate for all hours worked over forty (40) each week during his employment with Defendants.

22.     Plaintiff's rate(s) of pay differed for each job he performed for Defendant.

23.     Plaintiff's rate(s) of pay were determined, in part, by the terms of one or more labor contracts entered into between Defendant and Defendant's clientele.

24.     Defendant's clientele during Plaintiff's period of employment included, but were not limited to:

      a.  Rock Springs Elementary School in Apopka, Florida;

      b.  Oakmonte Village – Senior Living Center in Lake Mary, Florida;

      c.  University of Central Florida in Orlando, Florida;

      d.  The National Aeronautics and Space Administration (NASA) at the Kennedy Space Center, Florida;

      e.  Hackney Prairie Elementary School in Orlando, Florida; and

      f.  The Veterans Administration Hospital in Orlando, Florida.

25.     Plaintiff and his coworkers also performed work in Alabama and Georgia.

26.     Defendant accepted public tax dollars as payment for one or more services performed by Plaintiff during his employment.

27.     Defendant did not keep track of all of Plaintiff's actual hours worked, including time spent traveling between job sites, and time spent preparing for and cleaning up at each job site.

28.     During one or more work weeks of his employment, Plaintiff was paid less than $455.

29.     Plaintiff was a non-exempt, hourly worker during his employment with Defendant.

30.     During one or more work weeks of his employment with Defendant, Plaintiff was paid "Square" pay *in lieu* of an hourly wage.

31.     During one or more work weeks of his employment with Defendant, Plaintiff was paid "Square" pay *in lieu* of proper overtime compensation.

32.     Defendant did not explain to Plaintiff exactly how his hourly wage would be calculated each week.

33.     During his employment with Defendant, Plaintiff's work assignments were given directly to Plaintiff by his supervisor.

34.     Plaintiff did not have the authority to sign contracts on behalf of Defendant.

35.     Plaintiff did not have the authority to bind Defendant with respect to third parties.

36.     Plaintiff did not regularly exercise discretion with regards to the management of Defendant's enterprise.

37.     Plaintiff's job duties each week during his employment with Defendant primarily consisted of manual labor.

38.     Plaintiff was not an "exempt" employee as defined by the FLSA.

39.     During one or more work weeks of his employment, Plaintiff was paid an hourly wage.

40.     During one or more work weeks Plaintiff's pay was dependent on the quantity of work he performed for Defendant.

41.     During one or more work weeks Plaintiff's pay was dependent on the quality of work he performed for Defendant.

42.     Plaintiff's pay depended on the number of hours he worked each week for Defendant.

43. If Plaintiff was sick or absent for one half day or less during his employment with Defendant, his pay reflected the absence.

44. The persons similarly-situated to Plaintiff for the purposes of this action are all other non-exempt laborers who performed general labor and construction services for Defendant during the applicable statutory period, who were not paid time and one half their regular hourly rate(s) for all hours worked over forty (40) each week and who were subject to Defendant's company-wide policy and practice of failing to keep accurate records of all hours worked and amounts paid to their employees as well as their policy of refusing to pay proper overtime compensation to their laborers.

45. Plaintiff and all others similarly situated are individually covered by the FLSA by virtue of their regular handling of goods within the flow of interstate commerce (i.e. the materials used in Defendant's construction projects) as well as their regular interaction with interstate clientele and their regular use of interstate roadways and telephone lines in the performance of their duties.

46. Defendant did not maintain accurate records of all the hours worked by Plaintiff and others similarly situated.

47. Defendant's pay records, to the extent they exist, do not accurately reflect all payments made to Plaintiff and others similarly situated during their employment.

48. To the extent they exist, Defendant is in exclusive possession of all contemporaneous records reflecting the amounts paid and hours worked by Plaintiff and others similarly situated.

49. Defendant did not rely upon any Department of Labor Wage and Hour Opinions in creating the pay structures of Plaintiff and others similarly situated.

50.     Defendant did not rely upon the advice of counsel in creating the pay structures of Plaintiff and others similarly situated.

51.     Defendant knew their conduct violated the Fair Labor Standards Act or acted in reckless disregard for its provisions.

## COUNT I – UNPAID OVERTIME WAGES

52.     Plaintiff reincorporates and adopts the allegations in paragraphs 1-451 above.

53.     Plaintiff GAINES was an employee of Defendant.

54.     Defendant was Plaintiff's employer as defined by the FLSA.

55.     Defendant and its related entities are a covered enterprise as defined by the FLSA.

56.     Plaintiff and others similarly situated are individually covered by the FLSA.

57.     Defendant failed to pay Plaintiff and others similarly situated time and one half their regularly hourly rate(s) for all hours worked over forty each week during the applicable statutory period in violation of Section 7(a) of the FLSA.

58.     Defendant had a uniform policy and practice of failing to pay its employees proper overtime wages.

59.     Defendant had a uniform policy and practice of failing to comply with the FLSA's recordkeeping provisions.

60.     Plaintiffs suffered harm and continue to suffer harm in the form of unpaid wages as a result of Defendant's violations.

61.     Plaintiffs are owed additional compensation in the form of unpaid wages.

62.     Defendant's violations of the FLSA were and continue to be willful.

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated requests entry of judgment in his favor of himself and all others similarly situated and against Defendant, as well as payment of all wages owed and an equal amount in liquidated damages, payment of his attorneys fees and costs, and all other relief as required by 29 U.S.C. § 207(a) and 216(b).

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this ____ day of July, 2013.

Respectfully Submitted,

Christina J. Thomas, Esq.
Florida Bar No.: 074846
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
Orlando, Florida 32801
Tel: (407) 420-1414
Fax: (407) 244-3487
Email: cthomas@forthepeople.com

*Counsel for Plaintiffs*